# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BONNIE RUTH ALLEN-STRAIGHT, § <br> AKA BONNIE ALLEN THOMAS, § <br> #02446019, § <br>     PETITIONER, § <br> § <br> V. § <br> § <br> DIRECTOR, TDCJ-CID, § <br>     RESPONDENT. § | CIVIL CASE NO. 3:24-CV-1532-N-BK |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On June 14, 2024, Petitioner Bonnie Ruth Allen-Straight, a state inmate, initiated this action by filing a *Motion for Leave to Go into Equity,* along with three other motions and an affidavit. Doc. 3; Doc. 4; Doc. 6; Doc. 7. Based on their content, the Court liberally construed the filings as seeking habeas corpus relief under 28 U.S.C. § 2254, severed the pleadings from case number 3:24-CV-982-B-BK, and directed that they be filed in this new action. Doc. 1. As detailed here, the construed habeas petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

**I. BACKGROUND**

Straight was convicted of carrying a weapon in a prohibited place and sentenced to five years' community supervision. On May 5, 2023, her community supervision was revoked. *See State v. Thomas*, No. F50926 (18th Dist. Ct., Johnson Cnty., Tex., May 5, 2023). Online records confirm that Straight filed a notice of appeal on May 8, 2023, and is representing herself in the pending appeal. *State v. Thomas*, No. 10-23-00137-CR (Tex. App.—Dallas).[2]

Since filing of her notice appeal, Straight has unsuccessfully pursued a petition for writ of error coram nobis and a habeas corpus action under 28 U.S.C. § 2254. This Court dismissed the coram nobis petition for lack of jurisdiction and the habeas petition for failure to exhaust state court remedies. *Allen-Straight v. State of Texas*, No. 3:23-cv-01087-B-BK (N.D. Tex. July 26, 2023); *Allen-Straight v. Director,* No. 3:24-cv-00982-B-BK (N.D. Tex. May 21, 2024).

Undeterred, Straight now requests leave to file a habeas petition in "equity." Doc. 3 at 1. Her pleadings are difficult to decipher and littered with jargon that appears to derive from the so-called "sovereign citizen movement." *Id.* Straight alleges: "I have no remedy at law therefore I invoke the courts['] original power granted by the constitution under common law & equity jurisdiction." Doc. 3 at 1.

Upon review, the Court concludes that Straight fails to state a cognizable claim. Further, because her direct appeal is pending, the Court concludes that her pleadings, construed as habeas petition, is unexhausted and should be dismissed.[3]

---

[2] Online records are available on the Tenth Court of Appeals website at this link https://search.txcourts.gov/Case.aspx?cn=10-23-00137-CR&coa=coa10 (last accessed on July 9, 2024).

[3] Straight has not paid the filing fee or filed a motion proceed in forma pauperis. However, because her petition should be summarily dismissed, the Court does not seek compliance with the filing requirements.

## II. ANALYSIS

### A. 28 U.S.C. § 2254 Governs the Petition

At the outset, this Court evaluates the substance of Straight's claims to determine whether they are properly brought in equity. Upon review, the Court concludes that they are not and that the petition is properly construed as seeking relief under 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) ("Section 2254 'confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments.'" (citations omitted)).

Because Straight challenges a state court conviction, the provisions of § 2254 apply to her petition. By attempting to proceed in equity, Straight ostensibly seeks to avoid the exhaustion requirement in § 2254. However, habeas petitioners may not rely on the general habeas provisions to circumvent restrictions found in the specific statutes governing habeas corpus review. *See, e.g.*, *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (addressing a federal prisoner's attempt to circumvent the restriction on successive § 2255 motions); *Medberry v. Crosby*, 351 F.3d 1049, 1060-61 (11th Cir. 2003) (noting a state prisoner cannot avoid § 2254 restrictions "simply by writing '§ 2241' on his petition").

### A. The Exhaustion Requirement Applies

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.'"

*Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Courts may consider the exhaustion requirement *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Straight has not satisfied the exhaustion requirement.  A review of her construed § 2254 petition and the applicable online court records (of which this Court takes judicial notice) confirm that a direct criminal appeal from the May 2023 judgment revoking her supervised release is pending before the Texas Tenth Court of Appeals at Waco.  The Texas Court of Criminal Appeals has not had an opportunity to consider Straight's claims and, thus, they remain unexhausted.

### III.  CONCLUSION

For these reasons, Straight's petition for writ of habeas corpus, properly construed as one brought under 28 U.S.C. § 2254, should be **DISMISSED WITHOUT PREJUDICE** for failure

to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the Rules Governing Section 2254 Proceedings.[4]

**SO RECOMMENDED** on July 12, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[4] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to any habeas petition filed in this court. *See* 28 U.S.C. § 2244(d).

5